STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0872

RACHEL SAGONA

VERSUS

JARED A. SAGONA

**Judgment Rendered: APR 0 8 2022**

* * * * * *

On appeal from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket Number 182710

Honorable Timothy C. Ellender, Jr., Judge Presiding

* * * * * *

David S. Moyer                          Counsel for Plaintiff/Appellant
Luling, LA                              Rachel Sagona


Jared A. Sagona                         Counsel for Defendant/Appellee
Houma, LA                               In Proper Person


* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**GUIDRY, J.**

This appeal concerns the trial court's judgment in a partition of property. For the reasons that follow, we amend the judgment and affirm as amended.

## FACTS AND PROCEDURAL HISTORY

Rachel Sagona and Jared Sagona were divorced on December 21, 2018.[1] Thereafter, on July 30, 2020, Jared filed a motion for a partition trial and judicial determination of the assets and liabilities of the former marriage. A trial on the partition of property was conducted on March 16, 2021. During the proceeding, Jared established that he provided to a car dealership a check in the amount of $12,000.00, from an account in his name, as a down payment for the then couple's vehicle.[2] The trial court found that the $12,000.00 down payment was a gift from Jared to Rachel, for which Jared would not be reimbursed. The trial court also found that the value of the vehicle was $17,000.00;[3] the balance owed on the vehicle was $7,167.26.

In its oral ruling, the trial court stated, "[I]f [Rachel] is going to receive this car, she is going to owe [Jared] one half of the equity balance, which is, seems to be, just around $10,000 in equity."[4] Thereafter, a judgment was signed on April 5, 2021, which, among other things, ordered Rachel to pay to Jared $9,832.74 for equity in the vehicle.[5] Rachel now appeals.

---

[1] We note that the former couple entered into a prenuptial agreement on October 5, 2015, prior to the marriage, providing for a separate property regime.

[2] The vehicle was joint property; Jared argued he should be reimbursed for his separate property used to purchase the vehicle. Rachel, however, asserted that the down payment was a gift from Jared.

[3] During the proceeding, the parties stipulated to a value of $17,000.00 for the vehicle.

[4] The trial court then stated, "So she is going to receive the vehicle and she's going to be obligated to pay to [Jared] an amount that is $17,000 minus $7,167.26 ... ."

[5] An amended judgment was signed on January 14, 2022, in response to a show cause order issued by this court to include the traversal filed by Rachel.

## DISCUSSION

The appellant herein raises a single assignment of error in this appeal: "[t]he trial court erred in awarding judgment against [her] for the following reasons: 1) Despite ruling the $12,000 down payment on the vehicle was a gift, the Court erred in ordering [the appellant] to pay the gift back to Jared Sagona."[6] Additionally, through her brief to this court, the appellant asserts that the $12,000.00 down payment was her separate property, for which she is entitled to reimbursement. The appellant, however, never raised before the trial court the issue of her entitlement to reimbursement for the use of what she asserts was her separate property to purchase the joint vehicle at issue. Thus, we are inclined to recognize the general rule that appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. See Uniform Rules-Courts of Appeal, Rule 1-3; Stewart v. Livingston Parish School Board, 07-1881, p. 6 (La. App. 1st Cir. 5/2/08), 991 So. 2d 469, 474. Considering the failure of the appellant to raise the above-mentioned issue in the court below, we decline to consider her sole assignment of error on appeal.

Nevertheless, in reviewing the record, we have discovered an error in the "computation" of the equity balance.[7] While the trial court determined that Rachel, who was awarded ownership of the vehicle, would owe to Jared "one half of the equity balance," the judgment herein assigns to Jared the whole of the equity,

---

[6] Nowhere in the judgment is the appellant ordered to "pay the gift back," or to pay to Jared $12,000.00 for the vehicle.

[7] The appellant does not raise as error the actual amount of the equity balance owed to Jared. However, we are authorized and, indeed, required to render a judgment "which is just, legal, and proper upon the record on appeal." La. C.C.P. art. 2164; Price v. Roy O. Martin Lumber Company, 04-0227, p. 16 (La. App. 1st Cir. 4/27/05), 915 So. 2d 816, 826, writ denied, 05-1390 (La. 1/27/06), 922 So. 2d 543.

which amounts to $9,832.74.[8]  We therefore reduce the equity amount owed to Jared to $4,916.37.[9]

## CONCLUSION

For the above and foregoing reasons, the trial court's April 5, 2021 judgment is amended to decrease the 2017 Chevrolet Impala equity payment from Rachel Sagona to Jared Sagona to the amount of $4,916.37.  The judgment is otherwise affirmed.  All costs of this appeal are assessed to the appellant, Rachel Sagona.

**AMENDED AND AFFIRMED AS AMENDED.**

---

[8] In addition, according to the former couple's prenuptial agreement, which was recognized by the trial court, all "joint property and accounts shall be divided equally" if both parties mutually agreed to the dissolution of the marriage, which was the case here.

[9] This amount represents one-half of the equity balance.